76 F.3d 383
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Richard L. HALE, Appellant.
 No. 95-3113.
 United States Court of Appeals, Eighth Circuit.
 Submitted: Jan. 30, 1996.
Feb. 2, 1996.
 
 Before FAGG, BOWMAN and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Richard L. Hale appeals the sentence imposed by the district court[1] after he pleaded guilty to aggravated sexual abuse, in violation of 18 U.S.C. §§ 1153 and 2241(c). For reversal, Hale argues the district court clearly erred in assessing a use-of-force enhancement under U.S.S.G. § 2A3.1(b)(1). We affirm.
 
 
 2
 As relevant, Hale's plea agreement provided that the government would not assert or argue for a use-of-force enhancement. In Hale's presentence report (PSR), the probation officer recommended the enhancement based upon incriminating pre-plea statements Hale had made to investigators. Hale objected. At sentencing, the district court questioned the probation officer about the recommendation. The officer testified that he recommended the enhancement based on Hale's admission to investigators that he forced the victim to engage in intercourse. Although given the opportunity, Hale did not cross-examine the officer on this issue nor did he contest the accuracy of his reported admission. The court then found that force had been used and assessed the enhancement. The court sentenced Hale to 188 months imprisonment and four years supervised release, and ordered him to pay $11,112.70 in restitution.
 
 
 3
 Section 2A3.1(b)(1) states that "[i]f the offense was committed by the means set forth in 18 U.S.C. § 2241(a) or (b) ... increase by 4 levels." Section 2241(a)(1) prohibits causing another person to engage in a sexual act "by using force against that person." We review a district court's factual findings for clear error. United States v. Saknikent, 30 F.3d 1012, 1013 (8th Cir.1994) (standard of review).
 
 
 4
 On appeal, Hale argues the district court clearly erred in assessing the enhancement because the factual basis for the enhancement was derived from hearsay testimony. A district court may base a finding of fact in its sentencing determination on reliable hearsay evidence. United States v. Wise, 976 F.2d 393, 402 (8th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1592 (1993). After reviewing the record, we conclude that the probation officer's testimony was "sufficiently reliable" for a finding of fact. See id. at 403-04 (probation officer's hearsay testimony reliable where "source" of information came from other investigatory-governmental agencies). Because Hale's statements alone provided a basis to conclude he used force to commit the instant offense, the district court did not clearly err in assessing the enhancement.
 
 
 5
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota